Hon. Robert P. Whalen Commissioner Department of Health
This is in response to your request for an opinion as to whether the Department of Health has statutory authority to mandate various systems of accounting and reporting by hospitals in New York State. Your letter specifically sets forth the following systems for which implementation is being considered:
1. A uniform accounting and reporting system.
2. A uniform bill.
3. A uniform patient discharge abstract.
 4. Reporting of abstract and billing information on all hospital inpatients.
Public Health Law, § 2803 (1) (a), states:
 "1. (a) The commissioner shall have the power to inquire into the operation of hospitals and home health agencies and to conduct periodic inspections of facilities with respect to . . . . systems of accounts, records, . . . ."
Moreover, § 2803 (2) charges the State Hospital Review and Planning Council with the duty to:
 ". . . adopt and amend rules and regulations, subject to the approval of the commissioner, to effectuate the provisions and purposes of this article, including, but not limited to (a) the establishment of requirements for a uniform statewide system of reports and audits relating to the quality of medical and physical care provided, hospital utilization and costs in accordance with section twenty-eight hundred three-b, . . . (d) the establishment of a system of accounts and cost findings to be used by hospitals, including a classification of such hospitals and the prescription of a system of accounts and cost finding for each class in accordance with section twenty-eight hundred three-b. The commissioner may propose rules and regulations and amendments thereto for consideration by the council."
In addition to the above cited specific statutory authority, Public Health Law, § 2800, provides the Department with wide latitude in developing programs and regulations consistent with the statutory standard and with the duties charged to the Commissioner of Health. Public Health Law 2800 states in pertinent part:
 "In order to provide for the protection and promotion of the health of the inhabitants of the state, pursuant to section three of the article seventeen of the constitution, the department of health shall have the central, comprehensive responsibility for the development and administration of the state's policy with respect to hospital and related services. . . ."
Furthermore, the delegation of legislative authority contained in Public Health Law 2800 has been upheld as constitutional. Levinev. Whalen 39 N.Y.2d 510 (1976). In that case the Court stated at page 516:
 "There was and is good reason to expect that officials of the Department of Health would be vastly more familiar with and more competent to cope with hospital and related services throughout the State than individual legislators."
Upon the general outline of the systems presented, I conclude that sufficient statutory authority exists for the Department of Health to mandate the various systems of accounting and reporting which were specified.